1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10  MARK STAMAS and JUDY CASTLES,                    CASE NO. CV F 09-0753 LJO SMS

11                          Plaintiffs,              **ORDER ON DEFENDANTS'**
                                                     **MOTION TO DISMISS** (Doc. 90, 91)
12          vs.

13  COUNTY OF MADERA, et al.,

14                          Defendants.
15  _____/

16          Two motions to dismiss are pending before this Court challenging plaintiffs' Third Amended

17  Complaint.  By notice filed on May 19, 2010, Defendants County of Madera ("Madera") and the

18  Board of Supervisors of the County of Madera ("Board") (collectively referred to as "Madera

19  defendants") move for dismissal of plaintiffs' first and second causes of action in the Third

20  Amended Complaint ("TAC"), pursuant to Fed.R.Civ.P 12(b)(6).  The second motion to dismiss is

21  by defendants Gerald Houston and Linda Barlow ("Houston/Barlow"), filed on May 19, 2010.

22  These defendants move to dismiss the fourth cause of action for slander of title.  Plaintiffs Mark

23  Stamas and Judy Castles filed their opposition to the Madera defendants motion on June 10, 2010

24  and to the Houston/Barlow motion on June 11, 2010.  All defendants filed reply briefs.  Pursuant to

25  Local Rule 230(g), this matter is submitted on the pleadings without oral argument and the hearing

26  set for June 24, 2010 is vacated.  Having considered the moving, opposition, and reply papers, as

27  well as the Court's file, the Court issues the following order.

28  /////

1

**FACTUAL BACKGROUND**

This action involves conflicting claims to an easement or private right-of-way, which was created, modified, or revised over a 100-year time span and whose ownership is in dispute. The motion by the Madera defendants challenges the Third Amended Complaint on causes of action for which the Court denied their previous Rule 12(b)(6) challenge.  (See Doc. 81.)  Because this Court has considered the factual allegations, which have remained largely unchanged in the Third Amended Complaint, multiple times before, the Court does not repeat a summary of the factual allegations.

The TAC states the following causes of causes:

1.      First Cause of Action for Violation of 42 U.S.C. §1983 - Due Process;

2.      Second Cause of Action for Violation of 42 U.S.C. §1983 - Equal Protection;

3.      Third Cause of Action for Malicious Prosecution;

4.      Fourth Cause of Action for Slander of Title;

5.      Fifth Cause of Action for Breach of Contract;

6.      Sixth Cause of Action for Declaratory relief; and

7.      Seventh Cause of Action for Quiet Title.

**ANALYSIS AND DISCUSSION**

**A.      Standards for The Motion to Dismiss**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint.   A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).  A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action."  *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969.  If a plaintiff fails to state a claim, a court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

The court need not accept as true conclusory allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact.  *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  The district court is not required to accept as true allegations in an amended complaint that, without any explanation, contradict an earlier complaint. *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329–1330 (9th Cir. 1981).

/////

1    **B.     Madera Defendant's Request for Judicial Notice**

2          Defendants have asked the Court to take judicial notice of various documents.  (Doc. 90,

3    Request for Judicial Notice.)

4                    a.     A copy of the Offer of Dedication made by Cascadel Ranch Properties

5                           relative to Parcel Maps 43 and 44, dated December 29, 1967, and recorded on

6                           July 11, 1969; and a copy of the Quitclaim Deed, dated April 24, 2007, and

7                           recorded on May 7, 2007.E-mail from Jerry Houston to David Herman

8                    b.     The Map of Tract 119, Cascadel Woods Subdivision 4, and that it does not

9                           depict Cascadel Road, relative to Lot 1.  Request is also made that "The Map

10                          depicts Cascadel Road precisely, with metes and bounds, in all places but Lot

11                          1, where the Road is absent."

12                   c.     Lot 38 was conveyed from Judy Castle to Mark Stamas and Judy Castle,

13                          husband and wife, on March 20, 1997, with reference to the Map of Tract 119,

14                          Cascadel Woods Subdivision No. 4, such map being recorded in 1963.

15         "Judicial notice" is the court's recognition of the existence of a fact without the necessity of

16   formal proof.  *See United States v. Harrison*, 651 F.2d 353, 355 (5th Cir. 1981); *Castillo-Villagra v.*

17   *I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992).  Facts proper for judicial notice are those facts not

18   subject to reasonable dispute and either "generally known" in the community, or "capable of

19   accurate and ready determination" by reference to sources whose accuracy cannot be reasonably

20   questioned. Fed.R.Evid. 201;  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)

21   (court may take judicial notice of official records and reports.  The court need not accept as true

22   allegations that contradict facts which may be judicially noticed by the court.)  A court may take

23   judicial notice of its own records.  *See e.g.*, *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992).

24   Courts may take judicial notice of public records.  *Cachil Dehe Band of Wintun Indians of Colusa*

25   *Indian Community v. State of Calif.*, 536 F.3d 1034, 1039–1040 & fn. 4 (9th Cir. 2008).  Judicial

26   notice is particularly appropriate for the court's own records in prior litigation related to the case

27   before it. *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361–1362 (10th Cir. 2008)

28   (district court was entitled to take judicial notice of its memorandum of order and judgment from

4

1   previous case involving same parties).

2          The Court may take judicial notice of the existence of the maps. The maps are recorded

3   documents in the County of Madera and are part of the public records of the County of Madera

4   affecting an interest in property.  See Fed.R.Evid. 803 (8) (public records) and 803(14) (Records of

5   documents affecting an interest in property) and (15) (Statements in documents affecting an interest

6   in property).  The Court may take judicial notice of the existence of the maps and records recorded

7   in the County recordation system, but it may not take judicial notice of the interpretation of the facts

8   contained in the records.  The Court certainly may not take judicial notice of the interpretation of

9   those facts among the various documents.  Madera defendants ask the Court to interpret the meaning

10  of the maps and recordations, which is a factual dispute in this case and subject to expert testimony.

11  The interpretation of these documents go to the heart of the dispute in this litigation.  The meaning

12  of the depictions on the maps and recordations are not judicially noticeable because they are not

13  facts "generally known" in the community and are not "capable of accurate and ready

14  determination."  Therefore, the Court will not take judicial notice of the interpretation of these

15  documents.[1]

16  **C.      Causes of Action under §1983**

17         The First and Second Causes of Action are for violation of Civil Rights, 42 U.S.C. §1983, for

18  deprivation of Due Process and Equal Protection.  Plaintiff alleges that they have a constitutionally

19  protected property interest in their easement rights.  Plaintiff alleges that they have a protected

20  easement right in the sixty (60) foot wide right of way known as Cascadel Road.  As this Court

21  previously has considered the substance of the facts three times, the Court will not repeat the

22  standards of pleading Due Process and Equal Protections claims. (See Doc. 41, 59, 81.)

23         **1.      Deprivation of a Property Interest**

24         Madera defendants argue that plaintiff has not been deprived of property or other

25  Constitutional interest.

26  _____

27         [1] In plaintiff's opposition to the Madera defendants' motion, plaintiff counters with additional, similar documents
    for judicial notice.  (See Doc. 94, Request for Judicial Notice.)  Because the Court does not take judicial notice of the
28  interpretation of documents submitted by the Madera defendants, the Court does not address plaintiff's request for judicial
    notice.

1   /////

2               **a.**      **Defendant's Argument that There is No Road Depicted on the**

3                        **Subdivision Map**

4         Here, Madera defendants argues that the plaintiff cannot maintain deprivation of easement

5   rights because there is "no road depicted on the Subdivision map showing a 60 foot wide right-of-

6   way passing through Lot 1." (Doc. 90, Madera's P&A p.5.)  Madera defendants argue that there is

7   no common law acceptance of the 60 foot roadway because the use of the road did not exceed the

8   scope of the permissible use of the easement, citing *Biagini v. Beckham*, 163 Cal.App.4th 1000

9   (2008).  Defendants argue that the Subdivision map does not depict Cascadel Road, relative to Lot 1

10  (the Houston/Barlow) lot, and since it is not depicted on the Subdivision map, plaintiff can have no

11  claim to a private easement through Lot 1.  (See Doc. 101, Reply p.2.)  Madera Defendants argue

12  "the Road isn't there."  (Doc. 90, Madera's P&A p. 7.)

13        This is a factual determination of whether the roadway was accepted for private use/public

14  use and is the road the width/extent alleged by plaintiff.   The Court cannot make the factual

15  determination that the road does not exist from reviewing the map.  This interpretation requires

16  testimony.  Plaintiff alleges, "Plaintiffs are informed, believe and allege that the recordation of these

17  and other instruments created an easement for a sixty (60) foot-wide road right-of-way as early as

18  1963 for the benefit of residents of Cascadel Woods."  (Doc. 85, TAC ¶24.)   Plaintiff alleges that

19  the easement is "a protected property interest recognized by, among others, the 1888 Deed,

20  California Civil Code § 801, recordation of Subdivision 4 in 1963 under the Subdivision Map Act,

21  and the exception listed in the Houstons' deed."  (Doc. 85, TAC ¶26.)  The extent of the easement,

22  which Madera Defendants request the Court to rule upon, is a factual dispute which this Court

23  cannot resolve on a motion to dismiss.[2]

24              **b.**      **Ownership of the Underlying Land**

25        Madera defendants make further factual arguments that the underlying road was not owned

26

27         [2] The factual nature of the resolution is demonstrated in the Reply.  In its Reply, Madera Defendants argue that "[t]here has been no physical change to the Road by the County, no blocking of the dirt road, no diversion of traffic." (Doc.

28  101, Reply p.3.) These facts, ultimately, may not be in dispute, but the Court cannot make this factual determination because the TAC allegations do not include such facts.

6

1  by County and therefore it had no interest to grant away.  Madera defendants argue that by

2  "examining" the maps and various grant deeds dating from 1888, the County did not own the

3  underlying land.  The remainder of defendants argument in this section of its Points and Authorities

4  further examine documents, rights of way, quitclaim deeds, etc.  For instance, Madera defendants

5  argue that the "1967 Offer [of dedication], like the 1888 Dedication, makes no mention of Cascadel

6  Road."  (Doc. 90, Defendants P&A p.9.)

7      Again, these arguments are factual arguments which are improper for decision on a motion to

8  dismiss.  The Court cannot "examine" documents to determine the existence of a roadway and extent

9  of the roadway.  Defendants again ask the Court to interpret words and graphical depictions on the

10  maps, and make factual determinations of the existence and width of the road, based on the history

11  of the road and use of the road.  The TAC, however, plausibly alleges that the County has

12  acknowledged the road as a "public road."  (TAC ¶14.)  Therefore, the Court cannot determine on a

13  motion to dismiss that the County lacks any interest in the road.

14                           **c.      Cascadel Road is a Private Road**

15      Madera defendants argue that plaintiff alleges Cascadel Road was a private road (TAC, ¶9),

16  and that the County had no interest in 2007 to quitclaim away.  Madera argues that the allegations

17  are inconsistent that there cannot be a common law acceptance of the easement because the TAC

18  alleges the County had no interest in 2007 to quitclaim away.  (Doc. 90 Madera's P&Ap.10.)

19  Madera argues "[i]f there had been no acceptance of the offer of dedication, then the only difference

20  between the status of the road before and after the recording of the quitclaim is between one offer of

21  a sixty foot wide road and another offer for a twelve foot wide road."  (Doc. 90 Madera's P&A

22  p.11.)  Madera argues that since plaintiff cannot have a property interest in an Offer of Dedication,

23  there is no deprivation of a property right by a "change" in the offer of dedication.

24      This Court held, in ruling on a prior motion to dismiss, that plaintiff did not have a property

25  interest in the 1967 Offer of Dedication.  (Doc. 59, Order p. 20.)  This Court also determined that

26  plaintiff alleged a common law acceptance of the road.  This Court ruled that plaintiff alleged facts

27  which plausibly claim that there was a common law acceptance of the Offer of Dedication, which

28  would give Madera an interest in the road.  (Doc. 81, Order p. 15.)  Here, it is a factual

1   determination regarding the time frame for the common law acceptance.  Plaintiff alleges Madera

2   had no interest in the road, and also alleges a common law acceptance of the road.  Inconsistent

3   allegations, however, are not a proper basis for a motion to dismiss.  *PAE Government Services, Inc.*

4   *v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("inconsistent allegations are simply not a basis for

5   striking the pleading"); *see Molsbergen v. United States*, 757 F.2d 1016, 1018 n. 3 (9th Cir. 1985)

6   (inconsistent allegations are permitted in federal pleading).  Therefore, the Court does not find this

7   ground supports the motion to dismiss.

8   **2.      Rational Basis to Settle with Houston/Barlow**

9        Madera Defendants argue there was "every reason to compromise" with Houston/Barlow

10   and execute the Houston Offer of Dedication for the 12-foot wide easement. Madera defendants

11   argue that Madera and the Board of Supervisors had a legitimate interest in settling with Houston

12   and Barlow, and that the terms of the Settlement rationally related to that legitimate interest.

13   Therefore, Madera defendants argue that there was no equal protection violation.

14        Here, the Court agrees with plaintiff's opposition.  The Madera defendants confuse the role

15   of a motion to dismiss under Rule 12(b)(6).  A Rule 12(b)(6) motion is a challenge to the sufficiency

16   of the pleadings and is not a factual challenge on the underlying merits.  Whether defendants had a

17   "rational basis" to settle with defendants Houston/Barlow and whether the "County's goal [was] to

18   keep the path of travel open" are factual determinations not properly before the Court in a motion to

19   dismiss.

20   **3.      Proof of Madera Defendants' Discriminatory Intent**

21        Madera defendants argue that Madera and the Board of Supervisors did not act with any

22   deliberate indifference to Plaintiff's constitutional rights. Madera defendants argue that given the

23   controversy over Cascadel Road, the uncertainty of its status, and the lack of depiction on the map,

24   plaintiff's cannot show that the County intended to deprive any one of a property right.  (Doc. 90,

25   Madera P&A p.12.)  Madera defendants argue that the only purpose Madera had since becoming

26   involved was to attempt to keep the path open.  (Doc. 90, Madera P&A p.12.)

27        Here, again, Madera defendants do not challenge the allegations.  They seek to disprove the

28   allegations in the TAC.  The Court cannot determine the intent of a party, and whether the party

acted with discriminatory intent, on a Rule 12(b)(6) motion.  The Court must accept the truth of the allegations of the complaint.  On a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally.  *Lazy Y. Ranch LTD,* 546 F.3d at 588.

**D.      Motion by Defendants Houston/Barlow**

Defendants Houston/Barlow move to dismiss the fourth cause of action for slander of title.  They argue that the cause of action fails because the alleged "wrongful" actions are privileged pursuant to Cal.Civ.Code 47(b).  Defendants argue that plaintiff alleges defendants committed slander of title with two communications: the Offer of Dedication and the alleged complaint made to the Madera County Counsel that led to the criminal action against plaintiff Stamas.  (Doc. 91, Houston P&A p. 3.)  Defendants argue these two communications are privileged under Cal.Civ.Code 47(b) as communications as part of an "official proceeding authorized by law," or a "judicial proceeding."  (Doc. 91, Houston P&A p.4.)

Disparagement of title, also known as slander of title, "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." *Truck Ins. Exchange v. Bennett*, 53 Cal.App.4th 75, 84, 61 cal.Rptr.2d 497 (1997) (slander of title and/or willful misconduct.).  Slander of title has four elements: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss.  *Howard v. Schaniel* (1980) 113 Cal.App.3d 256, 263-264, 169 Cal.Rptr. 678 (1980); *see Appel v. Burman*, 159 Cal.App.3d 1209, 1214 (1984) (defining the elements of slander of title, which includes "publication, falsity, absence of privilege, and disparagement of another's land which is relied upon by a third party and which results in a pecuniary loss").

Plaintiff's fourth cause of action alleges the elements of a claim for slander of title.  Plaintiff alleges that Houston/Barlow published a document, the "Houston Offer" by recording it in the official records of Madera County.  (Doc. 85, TAC ¶52.)  As to this particular publication, the TAC alleges that the "Houston Offer wrongly claims exclusive ownership of the Road Property which is subject to and burdened by Plaintiff's easement."  Plaintiff further claims that the Houston Offer

1   publishes a claim to title and a claim of exclusive ownership to of the road, with the purpose of

2   attempting to stop plaintiff from using the easement, without justification.  (Doc. 85, TAC ¶¶52, 54.)

3   Plaintiff alleges that as a result of the publication, plaintiff has lost property value, among other

4   harms.[3]  (Doc. 85, TAC ¶56.)

5       Defendants do not challenge the sufficiency of the allegations a slander of title.  Rather,

6   defendants challenge that the publications are privileged under Cal.Civ.Code §47(b), as a matter of

7   law.

8       Section 47(b) promotes access to the courts for the redress of grievances unhampered by the

9   fear of derivative tort liability.  *Silberg v. Anderson*, 50 Cal.3d 205, 213, 266 Cal.Rptr. 638 (1990)

10  ("Although originally enacted with reference to defamation [citation], the privilege is now held

11  applicable to any communication, whether or not it amounts to a publication [citations], and all torts

12  except malicious prosecution. [Citations .]")  The privilege applies to any publication required or

13  permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even

14  though the publication is made outside the courtroom and no function of the court or its officers is

15  involved." *Silberg*, 50 Cal.3d at 212. The "usual formulation" of the privilege set out in section

16  47(b) is that it applies to any communication "(1) made in judicial or quasi-judicial proceedings; (2)

17  by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and

18  (4) that have some connection or logical relation to the action." *Olszewski v. Scripps Health*, 30

19  Cal.4th 798, 830, Cal.Rptr.2d 1 (2003).

20      If there is no dispute as to the operative facts, the applicability of the litigation privilege is a

21  question of law. *Kashian v. Harriman*, 98 Cal.App.4th 892, 913, 120 Cal.Rptr.2d 576, 592 (2002).

22  The Court finds, however, that operative facts are in dispute and the Court may not rule as a matter

23  of law that the litigation privilege precludes plaintiff's claim.  While defendants argue that the

24  "Houston Offer" is a communication to an official government agency because it was made to

25  induce the Board of Supervisors to act, the Court cannot rule as a matter of law, at this point, that the

26

27          [3] The TAC also alleges a second communication which allegedly slanders plaintiff's title to an easement.  Plaintiff
    alleges the County of Madera brought a criminal action against Stamas after defendants allegedly complained of Stamas'
    construction activity on the road.  The Court does not address the privilege as it pertains to this communication because the

28  motion can be decided based upon the communication of the Offer of Dedication.

1   communication was for that purpose.  For instance, the parties have previously acknowledged the
2   Houston Offer has not been accepted by the Board of Supervisors, thus it is factual question whether
3   it was made to induce the government to act. The "other official proceedings" privilege applies to
4   actions by administrative bodies and quasi-judicial proceedings. It covers statements made before
5   any proceedings have commenced, and extends to investigatory activities. *Hagberg v. California*
6   *Federal Bank FSB*, 32 Cal. 4th 350, 7 Cal. Rptr. 3d 803, 81 P.3d 244 (2004); *Kashian v. Harriman*,
7   98 Cal. App. 4th 892, 120 Cal. Rptr. 2d 576 (2002).

8          Defendants further argue that the Houston Offer was made as a result of a settlement of a
9   civil action between defendants and the County of Madera.  Argument that the Houston Offer was
10  made as part of a litigation settlement or to induce the government to act, does not render the
11  Houston Offer privileged, as a matter of law, based upon the allegations. Plaintiff alleges that the
12  Houston Offer takes and clouds plaintiff's full easement rights.  Plaintiff alleges it was wrongfully
13  done without legal justification.  The Court finds that Houston/Barlow have failed to carry their
14  burden at this point in the litigation that the privilege bars the fourth cause of action.

15                                    **CONCLUSION**

16         For the foregoing reasons, the Court rules as follows

17  1.      On the Madera Defendants' motion to dismiss, the Court DENIES the motion on the
18          First and Second Causes of Action.

19          Defendants shall have 20 days from the date of the service of the order to respond to
20          the Third Amended Complaint.

21  2.      On Houston and Barlow's motion to dismiss, the Court DENIES the motion to
22          dismiss the Fourth Cause of Action.

23          Defendants shall have 20 days from the date of the service of the order to respond to
24          the Third Amended Complaint.

25  IT IS SO ORDERED.

26  **Dated:   June 21, 2010** _____            _____/s/ Lawrence J. O'Neill_____
27                                           UNITED STATES DISTRICT JUDGE

28

                                              11