Gordon M. Park, # 072190           (SPACE BELOW FOR FILING STAMP ONLY)
Paul J. Whitfield, # 241651
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Defendant
GERALD HOUSTON and LINDA BARLOW

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARK STAMAS and JUDY CASTLES,<br><br>            Plaintiffs,<br><br>     v.<br><br>COUNTY OF MADERA; BOARD OF SUPERVISORS OF THE COUNTY OF MADERA; DAVID HERMAN, an individual; SHAWN HUSTON, an individual; DAVID PRENTICE, an individual; GERALD HOUSTON and LINDA BARLOW, husband and wife; and DOES 1-100, inclusive,<br><br>            Defendants. | Case No.  1:09-cv-00753-LJO-SMS<br><br>**DEFENDANTS GERALD HOUSTON AND LINDA BARLOW'S ANSWER TO THIRD AMENDED COMPLAINT**<br><br>Judge:    Hon. Lawrence J. O'Neill<br>Mag. Judge: Hon. Sheila K. Oberto |
|---|---|

Defendants JERRY HOUSTON and LINDA BARLOW ("DEFENDANTS"), answer Plaintiffs MARK STAMAS and JUDY CASTLES' ("PLAINTIFFS") Third Amended Complaint as follows:

     1.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, Pages 1:19 – 2:1, and, on that ground, deny the allegations contained therein.  DEFENDANTS deny each and every allegation of the remainder of Paragraph 1.

     2.    DEFENDANTS admit that venue is proper in the Eastern District of California, Fresno.  Except as so admitted, DEFENDANTS deny each and every other allegation in

Paragraph 2.

3.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, on that ground, deny the allegations contained therein.

4.     DEFENDANTS admit the allegations of Paragraph 4.

5.     DEFENDANTS admit the allegations of Paragraph 5.

6.     DEFENDANTS admit the allegations of Paragraph 6.

7.     DEFENDANTS admit the allegations of the first sentence of Paragraph 7. Except as so admitted, DEFENDANTS deny each and every other allegation in Paragraph 7.

8.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that ground, deny the allegations contained therein.

9.     DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that ground, deny the allegations contained therein.

10.    DEFENDANTS admit that they own Lot 1 in Cascadel Woods, and that Cascadel Road splits the north end of Lot 1. Except as Except as so admitted, DEFENDANTS deny each and every other allegation in Paragraph 10.

11.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that ground, deny the allegations contained therein.

12.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that ground, deny the allegations contained therein.

13.    DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that ground, deny the allegations contained therein.

14.    DEFENDANTS are without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 14 and, on that ground, deny the allegations contained therein.

15. DEFENDANTS admit the first sentence of Paragraph 15. Except as so admitted, DEFENDANTS deny each and every other allegation in Paragraph 15.

16. DEFENDANTS admit that they entered into a Settlement Agreement and Mutual Release of Claims with the County of Madera, and as a result dismissed other Defendants from the prior civil action without prejudice. DEFENDANTS also admit that this Settlement Agreement and Mutual Release of Claims provided for a quitclaim deed from the County of Madera in exchange for an Offer of Dedication from DEFENDANTS. Except as so admitted, DEFENDANTS deny each and every other allegation in Paragraph 16.

17. DEFENDANTS deny the allegations of Paragraph 17.

18. DEFENDANTS deny the allegations of Paragraph 18.

19. DEFENDANTS admit that they filed a complaint to quiet title entitled <u>Gerald Houston and Linda Barlow v. Cascadel New Life Foundation, et al.</u>, and that the Court entered a default judgment on this case. Except as so admitted, DEFENDANTS deny each and every other allegation in Paragraph 19.

20. DEFENDANTS admit that the CWPOA intervened in the action against Cascadel New Life Foundation, that the default judgment was set aside, and that the case was dismissed after the settlement with Madera County. Except as so admitted, DEFENDANTS deny each and every other allegation in Paragraph 20.

21. DEFENDANTS deny the allegations of Paragraph 21.

**FIRST CAUSE OF ACTION**

**(Violation of 42 U.S.C. § 1983 – Procedural & Substantive Due Process)**

**(Against Defendants County of Madera and County Board of Supervisors)**

22. DEFENDANTS incorporate by reference each and every admission, denial and objection in response to Paragraphs 1 through 21 above as though fully set forth herein.

23. DEFENDANTS admit that the quoted section is from 42 U.S.C. § 1983.

24. DEFENDANTS deny the allegations of Paragraph 24.

25. DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that ground, deny the allegations contained therein.

26. DEFENDANTS deny the allegations of Paragraph 26.

27. DEFENDANTS deny the allegations of Paragraph 27.

28. DEFENDANTS deny the allegations of Paragraph 28.

29. DEFENDANTS deny the allegations of Paragraph 29.

30. DEFENDANTS deny the allegations of Paragraph 30.

31. DEFENDANTS deny the allegations of Paragraph 31.

32. DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that ground, deny the allegations contained therein.

33. DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and, on that ground, deny the allegations contained therein.

34. DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and, on that ground, deny the allegations contained therein.

35. DEFENDANTS admit that the quoted sections are from the statute and regulation indicated in Paragraph 35, but that the quotes are incomplete. 14 C.C.R. § 1273.01 states in its entirety: "All roads shall be constructed to provide a minimum of two nine-foot traffic lanes providing two-way traffic flow, unless other standards are provided in this article, or additional requirements are mandated by local jurisdictions or local subdivision requirements."

36. DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that ground, deny the allegations contained therein.

37. DEFENDANTS deny the allegations of Paragraph 37.

//

## SECOND CAUSE OF ACTION

**(Violation of 42 U.S.C. § 1983 – Equal Protection)**

(Against Defendants County of Madera and County Board of Supervisors)

38. DEFENDANTS incorporate by reference each and every admission, denial and objection in response to Paragraphs 1 through 37 above as though fully set forth herein.

39. DEFENDANTS deny the allegations of Paragraph 39.

40. DEFENDANTS deny the allegations of Paragraph 40.

41. DEFENDANTS deny the allegations of Paragraph 41.

## THIRD CAUSE OF ACTION

**(Malicious Prosecution – Against Gerald Houston, Linda Barlow and Does 1-100)**

42. DEFENDANTS incorporate by reference each and every admission, denial and objection in response to Paragraphs 1 through 41 above as though fully set forth herein.

43. DEFENDANTS deny the allegations of Paragraph 43.

44. DEFENDANTS admit that they signed the Settlement Agreement and Mutual Release of Claims, as well as the Offer of Dedication to Madera County.  Except as so admitted, DEFENDANTS deny each and every other allegation in Paragraph 44.

45. DEFENDANTS deny the allegations of Paragraph 45.

46. DEFENDANTS deny the allegations of Paragraph 46.

47. DEFENDANTS deny the allegations of Paragraph 47.

48. DEFENDANTS deny the allegations of Paragraph 48.

49. DEFENDANTS deny the allegations of Paragraph 49.

50. DEFENDANTS deny the allegations of Paragraph 50.

## FOURTH CAUSE OF ACTION

**(Slander of Title)**

(Against Defendants Gerald Houston, Linda Barlow and Does 1-100)

51. DEFENDANTS incorporate by reference each and every admission, denial and objection in response to Paragraphs 1 through 50 above as though fully set forth herein.

52. DEFENDANTS deny the allegations of Paragraph 52.

53.   DEFENDANTS deny the allegations of Paragraph 53.

54.   DEFENDANTS deny the allegations of Paragraph 54.

55.   DEFENDANTS deny the allegations of Paragraph 55.

56.   DEFENDANTS deny the allegations of Paragraph 56.

## FIFTH CAUSE OF ACTION

**(Breach of Contract)**

**(Against Defendant County of Madera)**

57.   DEFENDANTS incorporate by reference each and every admission, denial and objection in response to Paragraphs 1 through 56 above as though fully set forth herein.

58.   DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, on that ground, deny the allegations contained therein.

59.   DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, on that ground, deny the allegations contained therein.

60.   DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and, on that ground, deny the allegations contained therein.

61.   DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that ground, deny the allegations contained therein.

62.   DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and, on that ground, deny the allegations contained therein.

## SIXTH CAUSE OF ACTION

**(Declaratory Relief – Against All Defendants)**

63.   DEFENDANTS incorporate by reference each and every admission, denial and objection in response to Paragraphs 1 through 62 above as though fully set forth herein.

64. DEFENDANTS admit only that the quoted language is from the 1972 deed. As to the remainder of Paragraph 64, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and, on that ground, deny the allegations contained therein.

65. DEFENDANTS admit that PLAINTIFFS contend that the Road Property is a 60 foot-wide right-of-way easement for public use. As to the remainder of Paragraph 65, DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and, on that ground, deny the allegations contained therein.

66. DEFENDANTS are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and, on that ground, deny the allegations contained therein.

## SEVENTH CAUSE OF ACTION

### (Quiet Title – Against All Defendants)

67. DEFENDANTS incorporate by reference each and every admission, denial and objection in response to Paragraphs 1 through 66 above as though fully set forth herein.

68. DEFENDANTS admit that PLAINTIFFS seek to quiet title as to an easement that PLAINTIFFS contend they possess. Except as so admitted, DEFENDANTS deny each and every other allegation in Paragraph 68.

69. DEFENDANTS deny the allegations of Paragraph 69.

## FIRST AFFIRMATIVE DEFENSE

PLAINTIFFS' Third Amended Complaint and the causes of action alleged therein do not state a claim upon which relief can be granted against DEFENDANTS.

## SECOND AFFIRMATIVE DEFENSE

PLAINTIFFS' Third Amended Complaint is barred, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

PLAINTIFFS' Third Amended Complaint is barred, in whole or in part, by the doctrine of equitable estoppel.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

7

DEFENDANTS HOUSTON & BARLOW'S ANSWER TO 3RD AM. COMPLAINT  1:09-CV-00753-LJO-SMS

## FOURTH AFFIRMATIVE DEFENSE

PLAINTIFFS' Third Amended Complaint is barred, in whole or in part, by the doctrine of detrimental reliance.

## FIFTH AFFIRMATIVE DEFENSE

PLAINTIFFS' Third Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

PLAINTIFFS' Third Amended Complaint is barred, in whole or in part, due to PLAINTIFFS' failure to mitigate damages allegedly sustained.

## SEVENTH AFFIRMATIVE DEFENSE

PLAINTIFFS' Third Amended Complaint is barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

PLAINTIFFS' Third Amended Complaint is barred, in whole or in part, based on the privilege granted by California Civil Code § 47.

## NINTH AFFIRMATIVE DEFENSE

That PLAINTIFFS did not act individually or through their agents reasonably or in good faith and the injuries and damages, if any, sustained by PLAINTIFFS were directly and proximately caused and contributed to by PLAINTIFFS or their agents' unreasonable, willful, intentional, improper and otherwise bad faith conduct.

## TENTH AFFIRMATIVE DEFENSE

DEFENDANTS reserve their right to raise additional affirmative defenses pending information learned through discovery and related efforts with regard to this matter.

WHEREFORE, DEFENDANTS pray as follows:

1. That PLAINTIFFS take nothing by way of their Third Amended Complaint;

2. That the Court declare and adjudicate the rights and duties of the parties with respect to the controversy referred to above; and that said declaration and adjudication be as follows:

That PLAINTIFFS have no right or claim to Cascadel Road and the property underlying

Cascadel Road, and that the DEFENDANTS possess complete, unburdened, and quiet title to all property within the bounds of Lot 1 of Cascadel Woods, including that land granted to them by quitclaim deed by the County of Madera;

    3.    For costs of suit incurred herein; and

    4.    For such other and further relief as the Court deems just and proper.

Dated: July 6, 2010

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Gordon M. Park
Gordon M. Park
Paul J. Whitfield
Attorneys for Defendant
GERALD HOUSTON and LINDA BARLOW

## **REQUEST FOR JURY TRIAL**

Defendants GERALD HOUSTON and LINDA BARLOW hereby confirm their request for trial by jury concerning all issues in this matter.

Dated: July 6, 2010

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Gordon M. Park
Gordon M. Park
Paul J. Whitfield
Attorneys for Defendant
GERALD HOUSTON and LINDA BARLOW

34872/00430-1583442.v1