Andrew W. Sorensen, No. 078266
Ryan D. Libke, No. 193742
LAW OFFICES OF
**EMERSON, COREY, SORENSEN, CHURCH & LIBKE**
2520 WEST SHAW LANE, SUITE 102
FRESNO, CALIFORNIA 93711-2765
Telephone: (559) 432-7641
Facsimile:   (559) 432-7639

Attorneys for Defendants, COUNTY OF MADERA and BOARD OF SUPERVISORS OF THE COUNTY OF MADERA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STAMAS and JUDY CASTLES,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MADERA; BOARD OF SUPERVISORS OF THE COUNTY OF MADERA; DAVID HERMAN, an individual; SHAWN HUSTON, an individual; DAVID PRENTICE, an individual; GERALD HOUSTON and LINDA BARLOW, husband and wife; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 1:09-CV-00753-LJO-SKO<br><br>**ANSWER OF THE COUNTY OF MADERA AND THE BOARD OF SUPERVISORS OF THE COUNTY OF MADERA TO THE THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>COMPLAINT FILED:  May 27, 2009 |

Defendants, the County of Madera and the Board of Supervisors for the County of Madera, submit the following Answer to the Third Amended Complaint and admit, deny and allege as follows:

**DEMAND FOR JURY TRIAL**

Demand for jury trial is hereby made pursuant to F.R.C.P. 38 and Local Rule 38-201.

**ADMISSIONS AND DENIALS**

1. Defendants admit that Plaintiffs own land and live in a subdivision known as Cascadel Woods on private property adjacent to the Sierra National Forest in Madera County, California with through access from the west by Cascadel Road. Defendants deny,

to the extent that Plaintiffs imply, that Cascadel Road is their only access from the west. Defendants admit that Plaintiffs' home and property is generally located in the south half of Section 16, Township 8 South, Range 23 East, Mount Diablo Base and Meridian. Defendants admit that Plaintiffs' property abuts Cascadel Road. Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 1.

2. Defendants admit that venue is proper in the Eastern District of California, Fresno Division. Except as so admitted Defendants deny each and every allegation remaining in Paragraph 2.

3. Defendants admit that Mark Stamas and Judy Castles own Lot 38 of Subdivision No. 4 in Cascadel Woods. Defendants admit that Plaintiffs reside in and pay property taxes to the County of Madera. Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4 of the Third Amended Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Third Amended Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Third Amended Complaint.

7. Defendants admit that Cascadel Woods is adjacent to the Sierra National Forrest. Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8 of the Third Amended Complaint.

9. Defendants admit that Cascadel Road is depicted in the recorded map of Subdivision 4 as a privately owned road, but deny that the recorded map of Subdivision 4 depicts Cascadel Road passing through Lot 1. Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 9.

10. Defendants admit that Defendants Houston and Barlow own Lot 1 in Cascadel Woods. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegation that Defendants Houston and Barlow purchased Lot 1 in 2004 as a second home and, on that ground, deny the allegation.  Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 10.

11.  Defendants deny that the 60 foot road right of way is the same right of way as described in the 1888 Deed, and deny that Plaintiffs have protected rights to the right of way described in the 1888 Deed.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11, and, on that ground, deny the allegations contained therein.

12.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and, on that ground, deny the allegations contained therein.

13.  Defendants deny that the County adopted a "Report and Direction on Cascadel Road."  Defendants admit that the County Board of Supervisors authorized David Prentice, the County Counsel, to contact the *property owner* regarding the concerns of Cascadel Road and requirement to leave Cascadel Road open to thru traffic.  Defendants deny that Mr. Prentice was specifically given direction to contact Mr. Jamison.  Defendants admit that a report was given and that the report was prepared following Houston and Barlow's threat to construct gates across the road being used across their Lot.  Defendants deny that the report was unanimously adopted by the Board.  Rather, the order to contact the property owner was unanimously made.

14.  Defendants admit that David Prentice sent a letter to CWPOA, but deny that Mr. Prentice was at that time County Counsel.  Defendants also deny that the letter was sent regarding the proper legal classification of Cascadel Road and CWPOA's right to maintain it.  Defendants admit the remaining allegations in Paragraph 14 of the Third Amended Complaint.

15.  Defendants admit that in September of 2005, the Houstons (Houston and Barlow) filed a case seeking a preliminary injunction, to quiet title, for declaratory relief, trespass, and slander of title entitled *Gerald Houston and Linda Barlow v. Mark Stamas, et*

*al.*, in the Madera County Superior Court, Case No. SCV005012, against Mark Stamas, Susan Foster, Bryan Curtis, David Wensloff, Judy Wensloff, and the County. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 15, and, on that ground, deny the allegations those allegations.

16. Defendants admit that the Houstons (Houston and Barlow) dismissed their claims against Mr. Stamas and the other defendants without prejudice. Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 16.

17. Defendants admit that the 2007 Quitclaim did not grant the Houstons (Houston and Barlow) any interest. Defendants admit that the County had no interest to convey. Defendants admit that it never accepted the 1967 Dedication, but deny that it was a valid offer and deny that the County could have accepted the 1967 Dedication. The Defendants admit that the County executed a quitclaim deed for a 60 foot *right of way,* that is, an easement, through the South half of Section Sixteen, Township Eight South, Range twenty three east, etc., to Cascadel Ranch Properties, but deny that it quitclaimed interest into what Plaintiffs refer to as the "Road Property," which Defendants understand the Plaintiffs to mean as the underlying fee interest. Defendants deny that the execution of a quitclaim deed necessarily indicates that the deeding party had an interest to convey, and deny that the County had an interest in a right of way in the south half of Section Sixteen. Except as so admitted and denied, Defendants deny each and every allegation remaining in Paragraph 17.

18. Defendants deny the allegations in Paragraph 8 of the Third Amended Complaint.

19. Defendants admit that Houston and Barlow filed a complaint to quiet title entitled *Gerald Houston and Linda Barlow v. Cascadel New Life Federation, et al.*, Madera County Superior Court Case No. SCV005044 against Cascadel New Life Foundation and that a default judgment was entered in favor of Houston and Barlow. Defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of the

allegations set forth in Paragraph 19, and, on that ground, deny the those allegations contained.

20. Defendants admit that the CWPOA intervened in the action against Cascadel New Life Foundation, that the default judgment was set aside, and that the case was dismissed after the settlement with Madera County. Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and, on that ground, deny the allegations contained therein.

### First Cause of Action

*Violation of 42 U.S.C. § 1983 - Procedural & Substantive Due Process*

22. Defendants incorporate by reference each and every admission and denial in response to Paragraphs 1 through 21 above as though fully set forth herein.

23. Defendants admit the allegation in Paragraph 23 of the Third Amended Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Third Amended Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Third Amended Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Third Amended Complaint.

27. Defendants admit that Madera County Ordinance Code 17.32.010 is entitled "Right-of-Way Minimum Requirements" and requires a minimum right-of-way that is sixty feet wide, but deny that the ordinance applies or that it was fully and completely cited. The County admits that it had no property interest in the right of way. Except as so admitted and denied, Defendants deny each and every allegation remaining in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28 of the Third Amended Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Third Amended Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Third Amended Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Third Amended Complaint.

32. Defendants admit that some sections of Cascadel Woods are within a State Responsibility Area, but deny that the entire development is within a State Responsibility Area, and deny the assertion that the California Department of Forestry and Fire Protection is "responsible" for the prevention and suppression of fires in Cascadel Woods.

33. Defendants admit that Cascadel Woods is designated as a Wildland/Urban Interface Zone.  Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 33.

34. Defendants admit that the County created the Madera County Community Wildfire Protection Plan, which in turn developed a community risk assessment that prioritized communities at risk, not necessarily WUI zones.  Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 34.

35. Defendants admit the allegations in paragraph 36, except that Defendants deny that the quotations are complete.

36. Defendants deny the allegations in Paragraph 36 of the Third Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Third Amended Complaint.

## Second Cause of Action

### (Violation of 42 U.S.C. § 1983- Equal Protection)

38. Defendants incorporate by reference each and every admission and denial in response to Paragraphs 1 through 37 above as though fully set forth herein.

///

39. Defendants deny the allegations in Paragraph 39 of the Third Amended Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Third Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Third Amended Complaint.

### Third Cause of Action

**(Malicious Prosecution)**

42. Defendants incorporate by reference each and every admission and denial in response to Paragraphs 1 through 41 above as though fully set forth herein.

43. Defendants deny the allegations in Paragraph 43 of the Third Amended Complaint.

44. Defendants admit that Houston and Barlow signed and executed the Settlement Agreement and Offer of Dedication referred to by Plaintiffs as the "Houston Offer." Defendants admit that the Offer of Dedication has not been accepted. Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45 of the Third Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Third Amended Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Third Amended Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Third Amended Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Third Amended Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Third Amended Complaint.

### Fourth Cause of Action

### (Slander of Title)

51. Defendants incorporate by reference each and every admission and denial in response to Paragraphs 1 through 50 above as though fully set forth herein.

52. Defendants deny the allegations in Paragraph 52 of the Third Amended Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Third Amended Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Third Amended Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Third Amended Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Third Amended Complaint.

### Fifth Cause of Action

### (Breach of Contract)

57. Defendants incorporate by reference each and every admission and denial in response to Paragraphs 1 through 56 above as though fully set forth herein.

58. Defendants deny the allegations in Paragraph 58 of the Third Amended Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Third Amended Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Third Amended Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Third Amended Complaint.

62. Defendants deny the allegations in Paragraph 36 of the Third Amended Complaint.

## Sixth Cause of Action

### (Declaratory Relief)

63.  Defendants incorporate by reference each and every admission and denial in response to Paragraphs 1 through 62 above as though fully set forth herein.

64.  Defendants admit that the quoted language is from the 1972 deed and the same exception is included in the deed transferring Lot 1 to Houston and Barlow.  Defendants are without sufficient information to form a belief as to the truth of the allegation that the exception appears in every subsequent conveyance in the chain of title to Lot 1.  Defendants deny the allegations in Paragraph 64 concerning the "Road Property."

65.  Defendants admit that there is an actual controversy between the parties concerning the Cascadel Road and Lot 1.  Except as so admitted, Defendants deny each and every allegation remaining in Paragraph 65.

66.  Defendants deny the allegations in Paragraph 66 of the Third Amended Complaint.

## Seventh Cause of Action

### (Quiet Title)

67.  Defendants incorporate by reference each and every admission and denial in response to Paragraphs 1 through 67 above as though fully set forth herein.

68.  Defendants admit the allegation in Paragraph 68 of the Third Amended Complaint.

69.  Defendants deny the allegations in Paragraph 69 of the Third Amended Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

Defendants allege that the Third Amended Complaint does not state facts sufficient to constitute a cause of action against Defendants.

///

## SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

Defendants allege that the Third Amended Complaint, and each cause of action alleged therein, is barred by the applicable statutes of limitations, including, but not limited to, Code of Civil Procedure sections 312, 316, 317, 335. 1, 338, 340, 340.1, 340.2, 340.3 and 343.

## THIRD AFFIRMATIVE DEFENSE

### Waiver

Defendants allege that at all times and places referred to in Plaintiffs' Third Amended Complaint, and in each cause of action contained in the complaint, Plaintiffs' actions are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### Equitable Estoppel

Defendants allege that the Plaintiffs are barred, in whole or in part, from asserting the claims herein by reason of the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### Res Judicata

Defendants allege the Third Amended Complaint is barred under the doctrine of res judicata.

## SIXTH AFFIRMATIVE DEFENSE

### Unclean Hands

Defendants allege that the Third Amended Complaint is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

Defendants allege that Plaintiffs could have mitigated and reduced the amount of claimed damages by the exercise of reasonable efforts; however, Plaintiffs failed to exercise such reasonable efforts at mitigation, all to Defendants' detriment.

## EIGHTH AFFIRMATIVE DEFENSE

### Laches

Defendants allege the Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of Defendants, whereby said Third Amended Complaint, and each alleged cause of action therein, is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### Privilege

Defendants allege that at all times and places referred to in the Third Amended Complaint, and the claims therein alleged, the acts of Defendants were privileged.

## TENTH AFFIRMATIVE DEFENSE

### Good Faith

Defendants allege that at all times and places referred to in said Third Amended Complaint, that each cause of action alleged therein is barred by reason of the fact that at all times herein pertinent, Defendants acted reasonably and its actions were in good faith and were with adequate justification.

## ELEVENTH AFFIRMATIVE DEFENSE

### Breach of Covenant of Good faith and Fair Dealing

Defendants allege that at all times and places referred to in said Third Amended Complaint, that Plaintiffs did not act individually or through their agents reasonably or in good faith and the injuries and damages, if any, sustained by Plaintiffs were directly and proximately caused and contributed to by Plaintiffs, or their agents' unreasonable, willful, intentional, improper and otherwise bad faith conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### Reservation of Defenses

Defendants hereby reserve the right to assert any additional defenses as may be applicable to this action.

WHEREFORE, Defendants pray that Plaintiffs take nothing by reason of the Third Amended Complaint and for relief as follows:

1. Judgment in favor of Defendants to this action;

2. That Defendants be awarded their costs in an amount according to proof at trial;

3. That Defendants be awarded their attorney's fees in an amount according to proof at trial; and

4. For such other and further relief as the Court may deem just and proper.

DATED: July 12, 2010

                EMERSON, COREY, SORENSEN,
                    CHURCH & LIBKE

By /s/ Ryan D. Libke
Andrew W. Sorensen
Ryan D. Libke
Attorneys for Defendants,
COUNTY OF MADERA and
BOARD OF SUPERVISORS OF THE
COUNTY OF MADERA