1 ROBERT M. DOWD, #070685
RAYMOND L. CARLSON, #138043
2 LAURA A. WOLFE, #266751
GRISWOLD, LaSALLE, COBB,
3  DOWD & GIN, L.L.P.
111 E. Seventh St.
4 Hanford, CA 93230
Telephone:  (559) 584-6656
5 Facsimile:  (559) 582-3106
Attorneys for: Plaintiffs/Counterdefendants

**FILED**

JUL 19 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARK STAMAS and JUDY CASTLES, )  CASE NO. 1:09-cv-00753-LJO-JLT
        Plaintiffs, )  JUDGMENT PURSUANT TO STIPULATION
        v. )
COUNTY OF MADERA; BOARD OF )
SUPERVISORS OF THE COUNTY OF )
MADERA; GERALD HOUSTON and )  Hon. Lawrence J. O'Neill
LINDA BARLOW, husband and wife; )
        Defendants. )  Complaint Filed: April 27, 2009
_____ )
AND RELATED COUNTER-CLAIM. )

    On April 27, 2009, Plaintiffs filed a Complaint in U.S. District Court, Eastern District, titled *Stamas v. County of Madera, et al.*, E.D. Cal. Case No.: 1:09-cv-00753 (hereinafter the "Complaint"). Plaintiffs sought to recover for damages allegedly arising from and caused by the subject events as described in the Complaint, the First Amended Complaint, the Second Amended Complaint, Third Amended Complaint and the Houston counter-claim filed on July 1, 2009 (hereinafter collectively referred to as the "Incident").

    The Parties desire to enter into this Judgment Pursuant to Stipulation in order to provide for payment in full settlement and discharge of all claims and damages which are or might have been the subject of the Incident, upon and subject to the terms and conditions set forth herein.

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 EAST SEVENTH STREET
HANFORD, CA 93230

1

Judgment Pursuant to Stipulation
*Mark Stamas, et al. v. County of Madera, et al.* Case No. 1:09-cv-00753-LJO-JLT

Mark Stamas and Judy Castles ("Plaintiffs"), the County of Madera and the Board of Supervisors of the County of Madera (collectively "County"), and Gerald Houston and Linda Barlow ("Houstons"), by and through their undersigned attorneys of record, hereby stipulate that the below Judgment be entered in settlement of Stamas v County of Madera, et al., (U.S.D.C. E.D. Cal. Case No. 1:09-cv-00753) (the "Case"):

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. On April 27, 2009, Plaintiffs filed a Complaint in U.S. District Court, Eastern District, titled *Stamas v. County of Madera, et al.,* E.D. Cal. Case No.: 1:09-cv-00753 (hereinafter the "Complaint"). Plaintiffs sought to recover for damages allegedly arising from and caused by the subject events as described in the Complaint, the First Amended Complaint, the Second Amended Complaint, Third Amended Complaint and the Houston counter-claim filed on July 1, 2009 (hereinafter collectively referred to as the "Incident").

2. Plaintiffs own property in Madera County, CA, known as Lot 38 of Subdivision No. 4 in Cascadel Woods Subdivision ("Cascadel Woods").

3. Houstons own property in Madera County, CA, known as Lot 1 of Tract No. 119, Cascadel Woods Subdivision No. 4. Lot 1 is described on Exhibit A.

4. Plaintiffs' property is east of Lot 1 and is accessed by use of an approximate 12 foot wide public road ("Road"), a portion of which crosses Lot 1, as shown on Exhibit B to Document No. 2007023583 recorded in Madera County Records on June 20, 2007.

5. Houstons and the County entered into Madera County Contract No. 8253-C-2006 dated December 12, 2006 ("2006 Contract"), in settlement of litigation known as Houston v. Stamas, et al., Madera County Superior Court Case No. SCV 005012. The 2006 Contract was between the Houstons and County only; the other parties to Case no. SCV 005012 were not parties to the 2006 Contract.

6. The 2006 Contract provided that the Houstons would have the exclusive responsibility to maintain the portion of the Road that crosses Lot 1.

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 EAST SEVENTH STREET
HANFORD, CA 93230

2

Judgment Pursuant to Stipulation
*Mark Stamas, et al. v. County of Madera, et al.* Case No. 1:09-cv-00753-LJO-JLT

7. The 2006 Contract is hereby modified to provide that the Houstons shall have a non-exclusive right to maintain the Road.

8. The 2006 Contract is hereby modified to provide that the Houstons are not obligated to maintain the Road; and said Contract is further modified as follows: (a) the Road shall not be gated or public access impeded; and (b) no fencing along the Road where it crosses Lot 1 shall be installed which impedes widening to 18 feet.

9. Plaintiffs are declared to have a non-exclusive right to maintain the Road.

10. Plaintiffs are declared to have the right, subject to all County, State, federal, and other applicable rules, regulations and laws of any agency or entity with jurisdiction, to widen the Road from 12 to 18 feet aligned with the centerline crossing Lot 1 shown on Exhibit B attached hereto, said width being intended to conform to Public Resources Code § 4290 and regulations at 14 Cal. Code Regs. §§ 1273.01 and 1270.02 or any successor legislation or regulations.

11. Road maintenance by any party other than the County is declared subject to the following: (a) maintenance includes grading and graveling the Road surface not less than twice annually, as necessary to keep the Road passable and in a safe and usable condition, but does not include improvement or expansion of the Road; (b) maintenance shall include cleaning/clearing of existing drainage ditches but shall not include the alteration of any existing drainage patterns or drainage features; (c) maintenance shall be conducted during normal business hours Monday through Friday between the hours of 8:00 a.m. and 5:00 p.m. absent exigent circumstances that require immediate attention at different times or days; (d) maintenance by Plaintiffs shall be on one week (7 day) notice to the owners or occupiers of Lot 1, provided that the one week time period can be reduced to as little as one day if exigent circumstances exist that require immediate attention, with such notice being actual notice whenever possible (e.g., mailing, e-mailing, personal delivery, etc.); (e) Plaintiffs shall use their best efforts to ensure that all maintenance or activities incidental thereto be performed within the 18 foot space identified in paragraph 10; (f) any party maintaining the Road shall be required to obtain any permits, if required by the Madera County Code; (g) any maintenance on the Road by any party other

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 EAST SEVENTH STREET
HANFORD, CA 93230

3

Judgment Pursuant to Stipulation
*Mark Stamas, et al. v. County of Madera, et al.* Case No. 1:09-cv-00753-LJO-JLT

than the owners of Lot 1 must not compromise in any way the water contained in the spring on Lot 1 or damage the water pipes that run under the Road from the spring to the water tank on Lot 1; (h) any work performed on the Road by anyone other than the owners of Lot 1 must not cause any corrosion or collapse of the bank on the uphill (south) side of the Road and that if Plaintiffs cause any such damage, it shall be Plaintiffs' sole responsibility to immediately repair any such damage; (I) any trees cut, removed or damaged by Road work on Lot 1 remain the property of the owners of Lot 1; (j) the owners of Lot 1 shall not be responsible for paying for any maintenance on the Road or work done to widen the Road performed by Plaintiffs or anyone else, absent prior signed written consent from the owners of Lot 1 to contribute towards the costs.

12. The Quitclaim recorded as Document Number 2007017707, Madera County Records, on June 7, 2007, is hereby declared void.

13. The Offer of Dedication recorded as Document Number 2007023583, Madera County Records, on June 20, 2007, is hereby declared void.

14. Plaintiffs shall record a notice of withdrawal of lis pendens on Lot 1 within 15 business days of entry of this judgment and provide a copy to Houstons upon receipt of same upon return from the County Recorder.

15. All claims of all parties are hereby dismissed with prejudice.

16. All parties shall bear their own fees and costs, except that the County shall pay a Settlement Payment of $95,000.00 to Griswold, LaSalle, Cobb, Dowd, and Gin within 15 business days of entry of this Judgment.

17. The parties' respective counsel hereby represent and warrant that they have the full power and authority to bind their clients to this Judgment and that their clients have had this Judgment and its effects explained to them by their respective counsel. Each party has represented that they consent to the entry of Judgment Pursuant to Stipulation and that said consent was not given under duress or coercion.

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 EAST SEVENTH STREET
HANFORD, CA 93230

4

Judgment Pursuant to Stipulation
*Mark Stamas, et al. v. County of Madera, et al.* Case No. 1:09-cv-00753-LJO-JLT

18. All parties hereby waive any rights they may have to appeal this Judgment or the June 14, 2011 "Orders on Motions for Summary Judgment or in the Alternative Summary Adjudication."

19. Any party may record this Judgment at his, her or its expense.

20. For and in consideration of the Settlement Payment and this Judgment, Plaintiffs completely and without limitation release and forever discharge Defendants, including Defendants' insurance company, agents, employees and attorneys of record, of and from any and all past, present or future: (A) causes of action; (B) claims, including, but not limited to, claims for damages, claims for indemnity, claims for contribution and claims for reimbursement; (C) legal or equitable rights and/or obligations; and (D) expenses, costs and/or fees (hereinafter, the "Released Rights"), which presently exist in connection with the aforesaid Incident. Plaintiffs expressly agree and acknowledge that this Release constitutes a general release and that the aforementioned Released Rights shall be broadly construed to include and apply to all rights of action without limitation. Plaintiffs understand, agree and acknowledge that as further consideration and inducement for this Judgment that the Released Rights shall apply to all unknown, unanticipated, and unsuspected injuries and/or damages resulting from or in any way related to the Complaint and the underlying Incident. Plaintiffs expressly agree that the Released Rights shall include all rights under section 1542 of the Civil Code of California which are hereby expressly waived, and it is understood that section 1542 provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THIS RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

Plaintiffs certify that they have read *section 1542 of the Civil Code*, set out herein. Plaintiffs understand and acknowledge that the significance and consequence of this waiver of *section 1542 of the Civil Code* is that even if Plaintiffs should eventually suffer additional damages arising out of the above-described Incident, Plaintiffs will not be permitted to make any claim for those damages. Plaintiffs further acknowledge that Defendants intend these consequences even as to claims for injury and/or damages

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 EAST SEVENTH STREET
HANFORD, CA 93230

5

Judgment Pursuant to Stipulation
*Mark Stamas, et al. v. County of Madera, et al.* Case No. 1:09-cv-00753-LJO-JLT

that may exist as of the date of entry of this Judgment but which Plaintiffs do not know exist, and which, if known, would materially affect Plaintiffs' decision to enter into this Judgment, regardless of whether Plaintiffs' lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause. Plaintiffs knowingly and voluntarily assume the risks that the facts or law may be different than what Plaintiffs presently believe.

21. For and in consideration of the Settlement Payment and this Judgment, Defendants completely and without limitation release and forever discharge Plaintiffs, including Plaintiffs' agents, employees and attorneys of record, of and from any and all past, present or future: (A) causes of action; (B) claims, including, but not limited to, claims for damages, claims for indemnity, claims for contribution and claims for reimbursement; (C) legal or equitable rights and/or obligations; and (D) expenses costs and/or fees (hereinafter, the "Released Rights"), which presently exist in connection with the aforesaid Incident. Defendants expressly agree and acknowledge that this Release constitutes a general release and that the aforementioned Released Rights shall be broadly construed to include and apply to all rights of action without limitation. Defendants understand, agree and acknowledge that as further consideration and inducement for this Judgment that the Released Rights shall apply to all unknown, unanticipated, and unsuspected injuries and/or damages resulting from or in any way related to the Complaint and the underlying Incident. Defendants expressly agree that the Released Rights shall include all rights under section 1542 of the Civil Code of California which are hereby expressly waived, and it is understood that section 1542 provides as follows:

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THIS RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

Defendants certify that they have read *section 1542 of the Civil Code*, set out herein. Defendants understand and acknowledge that the significance and consequence of this waiver of *section 1542 of the Civil Code* is that even if Defendants should eventually suffer additional damages arising out of the

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 EAST SEVENTH STREET
HANFORD, CA 93230

6

Judgment Pursuant to Stipulation
*Mark Stamas, et al. v. County of Madera, et al.* Case No. 1:09-cv-00753-LJO-JLT

above-described Incident, Defendants will not be permitted to make any claim for those damages. Defendants further acknowledge that Defendants intend these consequences even as to claims for injury and/or damages that may exist as of the date of entry of this Judgment but which Defendants do not know exist, and which, if known, would materially affect Defendants' decision to enter into this Judgment, regardless of whether Defendants' lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause. Defendants knowingly and voluntarily assume the risks that the facts or law may be different than what Defendants presently believe.

DATED: July 19, 2011

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

DATED: July 15, 2011.                GRISWOLD, LaSALLE, COBB,
                                     DOWD & GIN L.L.P.


                                     By: /S/ Raymond L. Carlson
                                     Raymond L. Carlson, Attorneys for Plaintiffs

DATED: July 15, 2011.                EMERSON, COREY, SORENSEN
                                     CHURCH & LIBKE


                                     By: /S/ Andrew W. Sorensen
                                     (As authorized 7/15/11)
                                     Andrew W. Sorensen, Attorneys for County of Madera
                                     and Board of Supervisors of the County of Madera

DATED: July 15, 2011.                McCORMICK, BARSTOW, SHEPPARD, WAYTE &
                                     CARRUTH



                                     By: /S/ Scott M. Reddie
                                     (As authorized 7/15/11)
                                     Scott M. Reddie, Attorneys for Gerald Houston and
                                     Linda Barlow

C:\WINDOWS\Temp\notes101AA1\STIP JUDG 8.wpd

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 EAST SEVENTH STREET
HANFORD, CA 93230

7

Judgment Pursuant to Stipulation
Mark Stamas, et al. v. County of Madera, et al. Case No. 1:09-cv-00753-LJO-JLT

EXHIBIT A

Madera County Assessor's Parcel Number (APN) 060-480-009, County of Madera, State of California, more fully described as follows:

PARCEL NO. 1:

LOT 1 of Tract No. 119, Cascadel Woods Subdivision No. 4, according to the map thereof recorded August 5, 1963 in Book 9 of Maps, at pages 146-150, inclusive, Madera County Records.

EXCEPTING THEREFROM any portion which may lie within the boundaries of the 60 foot road right of way offered to the County of Madera for dedication to public use by Cascadel Ranch Properties, Inc., in Offer of Dedication recorded July 11, 1969 in Book 1038 of Official Records, page 466, Madera County Records, Document No. 7595.

PARCEL NO. 2:

All that portion of the West 2000 feet of the S ½ of Section 16, Township 8 South, Range 23 East, M. D.B.&M., described as follows:

Beginning at the eastern terminus of the centerline of that certain road right-of-way offered for dedication to the County of Madera as recorded in Book 1288 of Official Records, at page 20, Madera County Records, thence along said centerline South 87° 40' 24" West 32.89 feet; thence 59.09 feet on the arc of a 300 foot radius curve to the right with a central angle of 11° 17' 08"; thence South 08° 57' 32" West 30.00 feet on a radial bearing to the southerly boundary of said right-of-way; thence South 20° 00' 00" East 272.51 feet, more or less, to a point which lies on the Westerly boundary of Lot 1 of Cascadel Woods Subdivision No. 4, as recorded in Book 9 of Maps at pages 146 to 150, Madera County Records; thence North 00° 39' 09" East 283.65 feet along said Westerly boundary of said Lot 1 to the point of beginning.

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, LLP
111 EAST SEVENTH STREET
HANFORD, CA 93230

8

Judgment Pursuant to Stipulation
Mark Stamas, et al. v. County of Madera, et al. Case No. 1:09-cv-00753-LJO-JLT

